Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

**MISSOURI CIRCUIT COURT**
**TWENTY-SECOND JUDICIAL CIRCUIT**
**(CITY OF ST. LOUIS)**

| | | |
|---|---|---|
| **LORI ATKINS,** | ) | |
| **ALISHA THOMPSON,** | ) | |
| **BETH COGAR,** | ) | |
| **KENISHA CANNON,** | ) | |
| **ALICIA HENRY,** | ) | |
| **JERILYNN LEHR,** | ) | |
| **REBECCA NELSON,** | ) | |
| **TONYA SCHULDT, and** | ) | |
| **SHAQUANA WILSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No. 1322-CC09847** |
| **v.** | ) | |
| | ) | **Div. 16** |
| **BAYER HEALTHCARE** | ) | |
| **PHARMACEUTICALS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PETITION**

COME NOW Plaintiffs, by and through their undersigned attorneys, for their Petition against Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., ("Bayer" or "Defendant") relative to its sale and distribution and manufacturing of Mirena IUS in the United States and in support thereof would show the following:

**PARTIES**

**Plaintiffs**

1.      Plaintiff Lori Atkins is a citizen and resident of the City of St. Louis, State of Missouri.  Plaintiff's injuries were caused by her use of the Mirena IUS.  Plaintiff avers that Defendant's Mirena IUS was defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the true danger associated with its use, and Plaintiff suffered injury by reason of the migration of the Mirena IUS from its intended location requiring the removal of the Mirena IUS and resulting in injury and damages to Plaintiff.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

2.      Plaintiff Alisha Thompson is a citizen and resident of the State of New Jersey. Plaintiff avers that Defendant's Mirena IUS was defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the true danger associated with its use, and Plaintiff suffered injury by reason of the migration of the Mirena IUS from its intended location requiring the removal of the Mirena IUS and resulting in injury and damages to Plaintiff.

3.      Plaintiff Beth Cogar is a citizen and resident of the State of West Virginia. Plaintiff avers that Defendant's Mirena IUS was defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the true danger associated with its use, and Plaintiff suffered injury by reason of the migration of the Mirena IUS from its intended location requiring the removal of the Mirena IUS and resulting in injury and damages to Plaintiff.

4.      Plaintiff Kenisha Cannon is a citizen and resident of the State of Missouri. Plaintiff avers that Defendant's Mirena IUS was defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the true danger associated with its use, and Plaintiff suffered injury by reason of the migration of the Mirena IUS from its intended location requiring the removal of the Mirena IUS and resulting in injury and damages to Plaintiff.

5.      Plaintiff Alicia Henry is a citizen and resident of the State of New York. Plaintiff avers that Defendant's Mirena IUS was defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the true danger associated with its use, and Plaintiff suffered injury by reason of the migration of the Mirena IUS from its intended location requiring the removal of the Mirena IUS and resulting in injury and damages to Plaintiff.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

6.    Plaintiff Jerilynn Lehr is a citizen and resident of the State of Texas. Plaintiff avers that Defendant's Mirena IUS was defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the true danger associated with its use, and Plaintiff suffered injury by reason of the migration of the Mirena IUS from its intended location requiring the removal of the Mirena IUS and resulting in injury and damages to Plaintiff.

7.    Plaintiff Rebecca Nelson is a citizen and resident of the State of Missouri. Plaintiff avers that Defendant's Mirena IUS was defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the true danger associated with its use, and Plaintiff suffered injury by reason of the migration of the Mirena IUS from its intended location requiring the removal of the Mirena IUS and resulting in injury and damages to Plaintiff.

8.    Plaintiff Tonya Schuldt is a citizen and resident of the State of South Dakota. Plaintiff avers that Defendant's Mirena IUS was defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the true danger associated with its use, and Plaintiff suffered injury by reason of the migration of the Mirena IUS from its intended location requiring the removal of the Mirena IUS and resulting in injury and damages to Plaintiff.

9.    Plaintiff Shaquana Wilson is a citizen and resident of the State of Virginia. Plaintiff avers that Defendant's Mirena IUS was defectively designed, inadequately tested, dangerous to human health, and lacked proper warnings as to the true danger associated with its use, and Plaintiff suffered injury by reason of the migration of the Mirena IUS from its intended location requiring the removal of the Mirena IUS and resulting in injury and damages to Plaintiff.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

10.     Hereinafter, all injured parties listed above will be collectively referred to as "Plaintiffs".

**Defendant**

11.     Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., now is, and at all times relevant to this action was, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business and its headquarters in the State of New Jersey.  Bayer may be served by delivering the petition to its registered agent for service, CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.  Bayer engaged in the business of designing, licensing, manufacturing, testing, advertising, warranting, distributing, supplying, selling, and introducing into the stream of commerce certain products known as Mirena IUS.[1]  Bayer sold its Mirena IUS product throughout the United States, Missouri and the City of St. Louis.

<strong><u>JURISDICTION AND VENUE</u></strong>

12.     Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over Bayer, because Defendant is present in the State of Missouri such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

13.     This Court has personal jurisdiction over the Defendant Bayer pursuant to, and consistent with RSMo. §§ 407.025 506.500 and the Constitutional requirements of Due Process in that Defendant Bayer, acting through its apparent agents, committed one or more of the following acts:

---

[1] Berlex, a division of Schering AG, petitioned FDA for approval in 2000.  Schering AG merged with Bayer in 2006, forming Bayer Schering AG which later became Bayer Healthcare Pharmaceuticals Inc. ("Bayer")  By stipulation dated July 16, 2012, Defendants informed that Bayer is the proper and single party in this matter.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

(a)    Bayer transacted business in the State of Missouri, RSMo. § 506.500.1(1);

(b)    Bayer made or performed a contract or promise substantially connected with and/or within the State of Missouri, RSMo. § 506.500.1(2);

(c)    Bayer committed and conspired to commit, a tortious act within the State of Missouri, RSMo. § 506.500.1(3);

(d)    At all relevant times, it was foreseeable to Defendant that its tortious acts and/or its transaction of business in the State of Missouri would have consequences such that Defendant could reasonably foresee being hauled into Court in the State of Missouri; and

(e)    Requiring Bayer to litigate this claim in Missouri does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.

14.    Bayer marketed, promoted, and sold the product concerned in this litigation throughout the United States, including the City of St. Louis, Missouri.  Additionally, Plaintiffs Lori Atkins and Rebecca Nelson first suffered injury from Defendant's device, Mirena IUS, in the City of St. Louis, Missouri.  Accordingly venue is proper pursuant to RSMo. § 508.010.

15.    The claims in this case present common questions of fact and law concerning, *inter alia*, what information Bayer possessed concerning the harmful effects of Mirena IUS, what information it elected to disclose to physicians and patients about those harmful effects, and what information it was required by law to disclose about those effects.   Plaintiffs herein are properly joined pursuant to the Missouri Rule on permissive joinder, Rule 52.05(a).  The Defendant's wrongful conduct is common to all persons who suffered injury from the use and purchase of Mirena IUS, particularly Plaintiffs herein.  Said differently, the Plaintiffs' claims against Bayer arise from the same transaction or occurrence or series of transactions or occurrences.

16.    Joinder is consistent with Rule 52.05(b), the state correlative to Federal Rule of Civil Procedure 20 and will allow the Court to sever matters for trial or make such other orders

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

as may be necessary to prevent delay or prejudice or to promote expedition and judicial economy.

## UNDERLYING COMMON FACTS

17.     This lawsuit seeks compensation, damages and other relief for injuries Plaintiffs have suffered as a result of Bayer's intrauterine contraceptive system known as "Mirena IUS."

18.     Bayer is and at all relevant times has been engaged in the business of formulating, designing, manufacturing, licensing, testing, advertising, marketing, warranting, selling, distributing, and introducing into the stream of commerce a device known as "Mirena IUS".

19.     Mirena is an intrauterine contraceptive system made of flexible plastic that is inserted by a healthcare provider during an office visit.

20.     The Federal Food and Drug Administration (FDA) approved Defendant' New Drug Application for Mirena in December 2000.  Today, more than 2 million women in the United States use Mirena. It has been used by more than 15 million women worldwide.

21.     The system releases levonorgestrel, a synthetic progestogen, directly into the uterus for birth control.  Defendant admits "[i]t is not known exactly how Mirena works," but speculates that Mirena may thicken cervical mucus, thin the uterine lining, inhibit sperm movement and reduce sperm survival to prevent pregnancy.

22.     The Mirena intrauterine system (IUS) is designed to be placed within seven (7) days of the first day of menstruation and approved to remain in the uterus for up to five years. If continued use is desired after five years, the old system must be discarded and a new one inserted.

23.     The package labeling recommends that Mirena be used in women who have had at least one child, suggesting that carrying a child to term may be complicated after Mirena use.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

24.     Mirena's label does not warn about spontaneous migration, or uterine perforation and migration of the Mirena in the absence of perforation at insertion, of the IUS, but only states that migration may occur if the uterus is perforated during insertion.

25.     Specifically, Mirena's initial label at approval in December 2000 stated:

> "An IUD may perforate the uterus or cervix, most often during insertion although the perforation may not be detected until sometime later."

26.     In April 2008 the label was revised as follows:

> "An IUD may perforate the uterus or cervix, most often during insertion although the perforation may not be detected until sometime later. . . . Delayed detection of perforation may result in migration outside the uterine cavity, adhesions, peritonitis, intestinal perforations, intestinal obstruction, abscesses and erosion of adjacent viscera."

27.     In July 2008 the label was revised as follows:

> "Perforation or penetration of the uterine wall or cervix may occur during insertion although the perforation may not be detected until sometime later. . . . Delayed detection of perforation may result in migration outside the uterine cavity, adhesions, peritonitis, intestinal perforations, intestinal obstruction, abscesses and erosion of adjacent viscera."

28.     Finally in October 2009, the label was revised as follows:

> "(Black Box) Perforation may occur during insertion.
> (Precautions Section) Perforation or penetration of the uterine wall or cervix may occur during insertion although the perforation may not be detected until sometime later. . . . Delayed detection of perforation may result in migration outside the uterine cavity, adhesions, peritonitis, intestinal perforations, intestinal obstruction, abscesses and erosion of adjacent viscera."

29.     Defendant failed to alter its product packaging to reflect the growing number of MedWatch Adverse Event reports related to embedment of and perforation through the uterine lining and/or migration of the IUS through the uterine lining after the period of insertion.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

30.     Defendant has a history of overstating the efficacy of Mirena while understating the potential safety concerns.

31.     In or around March 2009, the Department of Health and Human Services' Division of Drug Marketing, Advertising, and Communications (DDMAC) issued a warning regarding Defendant's advertising materials for Mirena that constituted misbranding of the IUS in violation of the Federal Food, Drug and Cosmetic Act and FDA implementing regulations.

32.     Specifically, DDMAC pointed out that Bayer failed to communicate any risk information, inadequately communicated Mirena's indications, and overstated the efficacy associated with the use of Mirena in Bayer-sponsored on internet search engines.

33.     DDMAC requested that Bayer immediately cease the dissemination of the violative materials.

34.     Then, in or around December 2009, Defendant was contacted by the Department of Health and Human Services' Division of Drug Marketing, Advertising, and Communications (DDMAC) regarding a consumer-directed program entitled "Mirena Simple Style Statements Program," a live presentation designed for "busy moms."  The Simple Style program was presented in a consumer's home or other private setting by a representative from "Mom Central", a social networking internet site, and Ms. Barb Dehn, a nurse practitioner, in partnership with Defendant.

35.     This Simple Style program represented that Mirena use would increase the level of intimacy, romance and emotional satisfaction between sexual partners.  DDMAC determined these claims were unsubstantiated and, in fact, pointed out that Mirena's package insert states that at least 5% of clinical trial patients reported a decreased libido after use.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

36.     The Simple Style program script also intimated that Mirena use can help patients "look and feel great."  Again, DDMAC noted these claims were unsubstantiated and that Mirena can cause a number of side effects, including weight gain, acne, and breast pain or tenderness.

37.     The portion of the Simple Style script regarding risks omitted information about serious conditions, including susceptibility to infections and the possibility of miscarriage if a woman becomes pregnant on Mirena.

38.     Finally, Defendant falsely claimed that Defendant's system required no compliance with a monthly routine.

39.     As a result of Defendant's violation of the Federal Food, Drug, and Cosmetic Act and FDA's implementing regulations DDMAC ordered Bayer to cease use of the violative materials.

40.     Despite knowing the extremely high incidence rate of uterine perforation and migration to women who use Mirena IUS, Bayer continues to downplay the risks and refuses to provide adequate information in its drug labeling and package inserts regarding the real scope and severity of the dangers.  Instead, Bayer insists on using muted and understated language to suggest that women of childbearing age weigh the "potential risk," when in fact the risks are severe, well-known to Bayer, and a scientific reality in excess of the injuries and incident rate reported on the product labeling.

41.     As has been established, Mirena IUS's effects can cause devastating injuries to women who use the Mirena IUS.  Bayer knew and had a duty to warn doctors and patients that women who were taking Mirena IUS that the Mirena IUS could migrate outside of the uterus in the absence of insertion-related perforation.  This simple warning, commonplace among certain other manufacturers' devices for intrauterine contraception, would likely have spared each of the

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

Plaintiffs a lifetime of suffering and substantial sums in healthcare costs, supportive care, emotional and physical distress, and lost earning potential.

42.    Mirena IUS was and is a defective product, unreasonably dangerous in light of its nature and intended use.  That defect existed when the product left Bayer's control and has been the proximate cause of injuries to Plaintiffs, whose injuries were caused by the use of Mirena IUS in its intended or foreseeable manner or in the manner recommended by Bayer.  Bayer knew or should have known of the dangerous condition of its product, Mirena IUS, but failed to adequately warn or instruct physicians and consumers of the risks, dangers, and proper uses of the device.  Moreover, Bayer has breached its duty of reasonable care and its express and implied warranties, and has made affirmative misrepresentations as well as misrepresentations by omission, all in connection with the design, testing, manufacture, marketing, and/or labeling of Mirena IUS.

43.    As a direct and proximate result of the acts and omissions of Defendant, the Plaintiffs have suffered severe and permanent physical injuries and continue to suffer permanent injury, pain, loss of normal life, and other non-economic damages.

44.    As a direct and proximate result of the aforesaid acts of and/or omissions by the Defendant, Plaintiffs, have:

    (a)    Suffered severe and permanent injuries, which they will be forced to endure for the remainder of their lives;

    (b)    Suffered physical pain and suffering;

    (c)    Suffered mental pain and suffering;

    (d)    Suffered from loss of enjoyment of life;

    (e)    Incurred substantial costs for medical care in the past, and will in reasonable medical probability incur substantial medical care in the future;

    (f)    Suffered a loss of earnings and of future earning capacity; and,

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

(g)     Incurred attorney's fees and expenses of litigation related to this action.

## EQUITABLE TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

45.     Defendant failed to disclose a known defect and affirmatively misrepresented that Mirena IUS was safe for its intended use.  Further, Defendant actively concealed the true risks associated with the use of Mirena IUS.  Neither Plaintiffs nor their prescribing physicians had any knowledge that Defendant was engaged in the wrongdoing alleged herein.  Because of Defendant's fraudulent concealment of and misrepresentations regarding the true risks associated with Mirena IUS, Plaintiffs and their prescribing physicians could not have reasonably discovered Defendant's wrongdoing at any time prior to the commencement of this action.

46.     Thus, because Defendant fraudulently concealed the defective nature of Mirena IUS and the risks associated with its use, the running of any statute of limitations has been tolled. Likewise, Defendant is estopped from relying on any statute of limitations.

## COUNT I

### Strict Products Liability – Design Defect

47.     Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

48.     It was the duty of Bayer to manufacture, test, market, advertise, label, distribute, and sell Mirena IUS so that it was reasonably safe for its foreseeable use.

49.     At the time Mirena IUS left the control of Bayer and was sold, it contained one or more conditions which rendered it defective and unreasonably dangerous in light of its nature and intended use.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

50.    At all times, Mirena IUS was used in the manner intended, recommended, or reasonably foreseeable by Bayer.  There were and are no other reasonable, secondary causes of Plaintiffs' injuries and damages other than the use of Mirena IUS.

51.    The Mirena IUS manufactured and/or supplied by Bayer and to which Plaintiffs were exposed was defective in design, manufacture, and/or formulation in that when it left the hands of Bayer, the foreseeable risks exceeded the benefits associated with the design and/or formulation of this product.

52.    The Mirena IUS marketed, sold, and supplied by Bayer and to which Plaintiffs were exposed was defective in its marketing and labeling in that Bayer knew or should have known of its dangers and risks regarding uterine perforation and migration, but failed to adequately warn or instruct physicians, consumers, and the general public of the nature and extent of those risks.

53.    The Mirena IUS marketed, sold, and supplied by Bayer and to which Plaintiffs were exposed was defective in its marketing and labeling in that Bayer knew or should have known of its dangers and risks regarding migration unrelated to insertion, as well as the means for reducing or eliminating those dangers and risks, but failed to adequately warn or instruct physicians, consumers, and the general public of those means of reducing or eliminating the risks.

54.    The Mirena IUS marketed, sold, and supplied by Bayer was defective in marketing in that Bayer represented to the consuming public that the product was safe and had qualities that it, in fact, did not have.

55.    The Mirena IUS manufactured and/or supplied by Bayer was defective in design and formulation in that it was more dangerous than an ordinary consumer would expect when used in its intended or reasonably foreseeable manner.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

56.     The Mirena IUS manufactured and/or distributed by Bayer was defective in that Bayer failed to adequately test this product before placing it into the stream of commerce.

57.     As a direct and proximate result of the defective condition of Mirena IUS as manufactured by Bayer, Plaintiffs suffered the injuries and damages described herein.

WHEREFORE, the Plaintiffs demand judgment in their favor and against each Defendant in a sum in excess of $25,000; for costs herein incurred; for attorneys' fees;  and for such other and further relief as this Court deems just and proper. Plaintiffs ask that Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., be cited to appear and answer herein. That upon final trial, Plaintiffs have judgment against Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., for actual and punitive damages, pre- and post-judgment interest in the maximum amount allowed by law, costs of court, and any other relief to which Plaintiffs may be entitled.

## COUNT II

### Negligence – Design – Testing

58.     Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

59.     Bayer had a duty to exercise reasonable care in the design, manufacture, testing, sale, labeling and/or distribution of Mirena IUS it placed into the stream of commerce, including a duty to assure that the product did not cause unreasonable or unnecessary injury.

60.     Bayer breached its duty of care to the Plaintiffs through its negligent acts and omissions.  Bayer did not exercise reasonable care in the warning, design, manufacture, sale, testing, labeling and/or distribution into the stream of commerce of the Mirena IUS in that Bayer knew or should have known that Mirena IUS could cause, among other things, migration of the

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

product post-insertion, development of endometriosis resulting from uterine perforation, or possibility that device complications that may necessitate hysterectomy.

61.     Bayer was negligent in the design, manufacture, sale, testing, and/or distribution of Mirena IUS in that it:

> (a)     failed to use due care in designing, formulating, developing, testing, and manufacturing Mirena IUS so as to avoid or warn against the described risks to consumers who used Mirena IUS;
>
> (b)     placed an unsafe product into the stream of commerce;
>
> (c)     failed to discover or warn of the dangers associated with the use of Mirena IUS despite having actual and/or constructive knowledge of such dangers.
>
> (d)     failed to properly and thoroughly test Mirena before releasing the product to market;
>
> (e)     failed to properly and thoroughly analyze the data resulting from the pre-marketing tests of Mirena;
>
> (f)     failed to conduct sufficient post-market testing and surveillance of Mirena;
>
> (g)     designed, manufactured, marketed, advertised, distributed, and sold Mirena to consumers, including Plaintiffs, without an adequate warning of the significant and dangerous risks of Mirena and without proper instructions to avoid the harm which could foreseeably occur as a result of using Mirena;
>
> (h)     failed to exercise due care when advertising and promoting Mirena; and
>
> (i)     negligently continued to manufacture, market, advertise, and distribute Mirena after Defendant knew or should have known of its adverse effects.

62.     Bayer knew or should have known that Plaintiffs could foreseeably suffer injuries as a result of Bayer's failure to exercise ordinary care as described above.

63.     As a direct and proximate result of Bayer's negligence, Plaintiffs suffered the injuries and damages described herein.

WHEREFORE, the Plaintiffs demand judgment in their favor and against each Defendant in a sum in excess of $25,000; for costs herein incurred; for attorneys' fees;  and for such other

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

and further relief as this Court deems just and proper. Plaintiffs ask that Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., be cited to appear and answer herein. That upon final trial, Plaintiffs have judgment against Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., for actual and punitive damages, pre- and post-judgment interest in the maximum amount allowed by law, costs of court, and any other relief to which Plaintiffs may be entitled.

**COUNT III**

**Failure To Warn**

64.    Plaintiffs incorporate by reference all other paragraphs of this Petition as if fully herein set forth, and further allege as follows:

65.    Mirena is a defective and therefore unreasonably dangerous product because its labelling fails to adequately warn consumers and prescribers of, among other things, the risk of migration unrelated to insertion, development of endometriosis resulting from uterine perforation, or possibility that device complication may necessitate hysterectomy.

66.    Defendant researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce the pharmaceutical, Mirena, and in the course of same, directly advertised or marketed the product to consumers or persons responsible for consumers, and therefore had a duty to warn of the risks associated with the use of Mirena.

67.    was under the exclusive control of Defendant and was unaccompanied by appropriate warnings regarding all of the risks associated with its use. The warnings given did not accurately reflect the risk, incidence, symptoms, scope or severity of such injuries to the consumer or physicians. The promotional activities of Defendant further diluted or minimized the warnings given with the product.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

68.    Defendant downplayed the serious and dangerous side effects of Mirena to encourage sales of the product; consequently, Defendant placed its profits above its customers' safety.

69.    Mirena was defective and unreasonably dangerous when it left the possession of Defendant in that it contained warnings insufficient to alert Plaintiffs to the dangerous risks and reactions associated with it. Even though Defendant knew or should have known of the risks and reactions associated with Mirena, it failed to provide warnings that accurately reflected the signs, symptoms, incident, scope, or severity of the risks associated with the product.

70.    Plaintiffs used Mirena as intended and as indicated by the package labeling or in a reasonably foreseeable manner.

71.    Plaintiffs could not have discovered any defect in Mirena through the exercise of reasonable care.

72.    Defendant, as manufacturers of medical devices and drugs, is held to the level of knowledge of an expert in the field and, further, Defendant had knowledge of the dangerous risks and side effects of Mirena.

73.    Plaintiffs did not have the same knowledge as Defendant and no adequate warning was communicated to their physicians.

74.    Defendant had a continuing duty to warn consumers, including Plaintiffs, their physicians, and the medical community of the dangers associated with Mirena, and by negligently and/or wantonly failing to adequately warn of the dangers associated with its use, Defendant breached its duty.

75.    Although Defendant knew, or was reckless in not knowing, of the defective nature of Mirena, it continued to design, manufacture, market, and sell Mirena without providing adequate warnings and instructions concerning the use of Mirena so as to maximize sales and

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

profits at the expense of the public health and safety, in knowing, conscious, and deliberate disregard of the foreseeable harm caused by Mirena.

76.    As a direct and proximate result of one or more of these wrongful acts or omissions of the Defendant, Plaintiffs suffered profound injuries, required and continue to require medical treatment, and incurred and continue to incur medical and hospital expenses.

WHEREFORE, the Plaintiffs demand judgment in their favor and against each Defendant in a sum in excess of $25,000; for costs herein incurred; for attorneys' fees;  and for such other and further relief as this Court deems just and proper. Plaintiffs ask that Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., be cited to appear and answer herein. That upon final trial, Plaintiffs have judgment against Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., for actual and punitive damages, pre- and post-judgment interest in the maximum amount allowed by law, costs of court, and any other relief to which Plaintiffs may be entitled.

### COUNT IV

### Breach of Implied Warranty

77.    Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

78.    Bayer was a merchant seller with respect to Mirena IUS.

79.    In order to induce the purchase and/or use of Mirena IUS, Bayer impliedly warranted to potential users of Mirena IUS that Mirena IUS was safely tested and manufactured and was safe for the uses for which it was designed and/or advertised to be used.

80.    Bayer breached this warranty in that Mirena IUS was not safe for the uses for which it was manufactured and/or advertised.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

81.     Plaintiffs were injured as a result of detrimental reliance upon Bayer's implied warranties.

82.     As a direct and proximate result of one or more of the foregoing breaches of implied warranty, Plaintiffs suffered the injuries and damages described herein.

WHEREFORE, the Plaintiffs demand judgment in their favor and against each Defendant in a sum in excess of $25,000; for costs herein incurred; for attorneys' fees;  and for such other and further relief as this Court deems just and proper. Plaintiffs ask that Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., be cited to appear and answer herein. That upon final trial, Plaintiffs have judgment against Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., for actual and punitive damages, pre- and post-judgment interest in the maximum amount allowed by law, costs of court, and any other relief to which Plaintiffs may be entitled.

## COUNT V

### Breach of Express Warranty

83.     Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

84.     Bayer was a merchant seller with respect to Mirena IUS.

85.     In order to induce the purchase and/or use of Mirena IUS, Bayer expressly warranted to potential users of Mirena IUS that Mirena IUS was safely tested and manufactured and was safe for the uses for which it was designed and/or advertised to be used.

86.     Bayer breached said warranty in that Mirena IUS was not safe to be used for the purposes for which it was manufactured and/or advertised.

87.     Plaintiffs were injured as a result of detrimental reliance upon Bayer's express warranties.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

88.    As a direct and proximate result of one or more of the foregoing breaches of express warranty, Plaintiffs suffered the injuries and damages described herein.

WHEREFORE, the Plaintiffs demand judgment in their favor and against each Defendant in a sum in excess of $25,000; for costs herein incurred; for attorneys' fees; and for such other and further relief as this Court deems just and proper. Plaintiffs ask that Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., be cited to appear and answer herein. That upon final trial, Plaintiffs have judgment against Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., for actual and punitive damages, pre- and post-judgment interest in the maximum amount allowed by law, costs of court, and any other relief to which Plaintiffs may be entitled.

## COUNT VI

### Misrepresentation by Omission

89.    Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

90.    Bayer misrepresented the soundness and reliability of Mirena IUS to potential users of Mirena IUS through promotional and marketing campaigns.  Bayer misrepresented that Mirena IUS was safe and/or effective when used as instructed, when, in fact, it was dangerous to human health.  Bayer continued these misrepresentations for an extended period of time, without disclosing material information.

91.    At the time Bayer promoted Mirena IUS as safe and/or effective, Bayer did not have adequate proof upon which to base such representations and, in fact, knew or should have known that the device was dangerous.

92.    Bayer concealed these design and manufacturing defects by withholding information pertaining to the inherent design, manufacturing, and safety defects and high risks

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

of, among other things, the risk of non-insertion-related migration, development of endometriosis resulting from uterine perforation, or possibility that device complication may necessitate hysterectomy, and instead presented Mirena IUS as safe and reliable.

93.    Bayer's intentional misrepresentations and omissions were made willfully, wantonly, or recklessly to induce the purchase of Mirena IUS.

94.    Bayer failed to exercise reasonable care and competence in obtaining and/or communicating information regarding the safe use of Mirena IUS and otherwise failed to exercise reasonable care in transmitting information regarding its product, Mirena IUS.

95.    Bayer made the aforesaid representations in the course of Bayer's business as designers, manufacturers, and distributors of Mirena IUS despite having no reasonable basis for the assertion that these representations were true and/or without having accurate or sufficient information concerning the aforesaid representations.

96.    At the time the aforesaid representations were made, Bayer intended to induce reliance upon such representations.

97.    Said representations were made with the intent to defraud and deceive and with the intent to induce reliance upon the statements in order to reap the profits from the sale of Mirena IUS.

98.    At the time the representations were made, Plaintiffs had no reason to know of their falsity.  As a result of reasonable reliance upon Bayer's representations that Mirena IUS was safe, Plaintiffs have suffered, and will continue to suffer, injury, harm and economic loss alleged herein.

99.    As a direct and proximate result of one or more of the foregoing misrepresentations, Plaintiffs suffered the injuries and damages described herein.

WHEREFORE, the Plaintiffs demand judgment in their favor and against each Defendant

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

in a sum in excess of $25,000; for costs herein incurred; for attorneys' fees; and for such other and further relief as this Court deems just and proper. Plaintiffs ask that Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., be cited to appear and answer herein. That upon final trial, Plaintiffs have judgment against Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., for actual and punitive damages, pre- and post-judgment interest in the maximum amount allowed by law, costs of court, and any other relief to which Plaintiffs may be entitled.

## COUNT VII

### Fraudulent Misrepresentation

100.    Plaintiffs incorporate the allegations contained in the foregoing paragraphs as if fully set forth in the following paragraphs.

101.    Bayer knew that the information disseminated about the safety of Mirena IUS usage was false and/or misleading.  Bayer had an absolute duty to disclose the true facts regarding the safety of Mirena IUS, which it intentionally failed to do.

102.    Important information regarding the risks of Mirena IUS was in the exclusive control of Bayer and was exclusively known by Bayer.  As part of its business and in the furtherance of Bayer's own interests, Bayer disseminated information regarding Mirena IUS to the public and did so knowing that the safety of Mirena IUS users depended on the accuracy of that information.  Further, Bayer knew and expected that its representations regarding Mirena IUS would cause others to take action based upon the information and would cause individuals to be put in peril by such actions and that those individuals would suffer physical harm as a result.

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

103.    Bayer, by affirmative act and omission, misrepresented to the Plaintiffs, all consumers, Plaintiffs' physicians and the medical community that Mirena IUS was safe and effective for its intended use.

104.    The forgoing misrepresentations of/by Bayer were made by Bayer with the intent that the Plaintiffs, all consumers, Plaintiffs' physicians and the medical community rely on those misrepresentations in purchasing, consuming, prescribing, inserting the Mirena IUS.

105.    The foregoing misrepresentations were false. Bayer knew that the foregoing misrepresentations were false at the time they were made. At best, the foregoing misrepresentations were made in reckless disregard as Bayer could not know the truth of those representations.

106.    The foregoing misrepresentations were material to the Plaintiffs' purchase, physicians' prescription and insertion of the Mirena IUS.  Plaintiffs relied on the foregoing misrepresentation in purchasing the Mirena IUS, their physicians relied on the foregoing misrepresentations in prescribing and inserting the Mirena IUS and their reliance was reasonable under the circumstances.

107.    Bayer expressly and/or impliedly warranted that Mirena IUS was safe for use. The representations by Bayer were, in fact, false.  The true facts were that Mirena IUS was not safe for use and was, in fact, dangerous to the health of the Plaintiffs.

108.    As a direct and proximate result of one or more of the foregoing misrepresentations or omissions, Plaintiffs suffered the injuries and damages described herein.

WHEREFORE, the Plaintiffs demand judgment in their favor and against each Defendant in a sum in excess of $25,000; for costs herein incurred; for attorneys' fees;  and for such other and further relief as this Court deems just and proper. Plaintiffs ask that Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., be cited to appear and answer herein. That upon

Electronically Filed - City of St. Louis - January 27, 2015 - 04:55 PM

final trial, Plaintiffs have judgment against Defendant BAYER HEALTHCARE PHARMACEUTICALS, INC., for actual and punitive damages, pre- and post-judgment interest in the maximum amount allowed by law, costs of court, and any other relief to which Plaintiffs may be entitled.

Respectfully submitted,

DOWD & DOWD, P.C.


By:    /s/ William T. Dowd
       William T. Dowd, MO #39648
       Laura G. Lumaghi, MO #50816
       211 North Broadway, Suite 4050
       St. Louis, Missouri 63102
       (314) 621-2500 telephone
       (314) 621-2503 facsimile

       John J. Driscoll, MO #54729
       THE DRISCOLL FIRM, P.C.
       211 N. Broadway, 40th Floor
       St. Louis, Missouri  63102
       314-932-3232 telephone
       314-932-3233 facsimile

       Carmen S. Scott
       MOTLEY RICE LLC
       28 Bridgeside Blvd.
       Mt. Pleasant, SC 29464
       (843) 216-9000 telephone
       (843) 216-9450 facsimile

       *Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

This will certify that the foregoing was e-filed and served via this Court's electronic delivery system this 27th day of January, 2015 on all counsel of record.

/s/ William T. Dowd